## THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. C. P. EMERY.

1. RAILROAD RIGHT-OF-WAY — *Compensation — Evidence.* In an appeal from an award of damages for a right-of-way for a railroad through a farm, the railroad company offered testimony of the sales of other similar farms in the same neighborhood for a less price than was claimed by the owner of the land in question. The landowner then offered testimony tending to show that his land was superior in quality and of greater value than that with which it was compared. *Held,* That the admission of the latter testimony was not error.

2. BENEFIT *to Landowner.* It was not error for the court to instruct the jury that, in determining the compensation to which the landowner was entitled, they should disregard any benefit to or advancement in the value of the land resulting from the construction of the railroad. (*L. & W. Rld. Co. v. Ross,* 40 Kas. 598.)

### *Error from Jewell District Court.*

PROCEEDING by the *Railroad Company* against *Emery* to condemn land for its right-of-way. Defendant appealed from the award of the commissioners, and in the district court a verdict was rendered in his favor. Plaintiff brings the case to this court. The opinion states the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

The court erred in permitting plaintiff to introduce, in rebuttal, evidence concerning collateral matters tending to impeach witnesses testifying thereon. See *A. T. & S. F. Rld. Co. v. Townsend,* 39 Kas. 115, 116.

The court erred in instructing the jury, that "in determining the value of the remainder of the land, after the appropriation of the right-of-way, you will disregard any possible advancement in the value of the land in the locality and all other benefits that may result to said land from the building of the railroad." See *C. H. V. &c. Rld. Co. v. Gardiner,* 32 Am. & Eng. Rld. Cases, 250, 251; *Powers v. Railroad Co.,* 33 Ohio St. 435; *Bohm v. Elevated Rld. Co.,* 29 N. E. Rep. 802.

The court also erred in instructing the jury that—

"In determining the amount of damages to the land in question by the appropriation of a right-of-way for defendant's railroad across the same, you should not consider the testimony of any witness as to the amount of such damages, so far as the testimony of such witness is based on possible or probable depredations of tramps or possible or probable scaring of teams, or on possible or probable annoyance caused by smoke of engines, or other mere annoyances." *K. C. & E. Rld. Co. v. Kregelo,* 32 Kas. 609; *K. C. W. & N. W. Rld. Co. v. Fisher,* 49 id. 17.

*T. C. S. Cooper,* and *M. I. Cooper,* for defendant in error; *T. S. Brown,* of counsel:

The case of *A. T. & S. F. Rld. Co. v. Townsend,* 39 Kas. 115, has no application to the question now under consideration. In that case the evidence objected to was about a matter that was drawn out by plaintiff himself upon cross-examination, and on a fact which was collateral and irrelevant. In the case at bar the matter was not drawn out by plaintiff upon cross-examination, but by defendant upon direct and redirect examination, and on a fact material to his defense.

It is submitted that the court correctly instructed the jury concerning the measure of the damages sustained by plaintiff. *L. & W. Rld. Co. v. Ross,* 40 Kas. 598; *A. T. & S. F. Rld. Co. v. Blackshire,* 10 id. 477; *Reisner v. Depot & Rld. Co.,* 27 id. 382.

The instruction refused by the court, concerning depredations of tramps, scaring of teams, and other annoyances, was properly refused. The court had already instructed the jury:

"You will disregard any inconveniencies or annoyances which may result from the operating of said railroad, which inconveniencies or annoyances are common to and suffered by the neighborhood in general, and to people generally who live close to a line of operated railroad."

It is submitted, too, that the instructions given by the court are fully within the rule as laid down in the case of *K. C. W. & N. W. Rld. Co. v. Fisher,* 49 Kas. 17, cited by counsel.

The opinion of the court was delivered by

JOHNSTON, J.: The Chicago, Kansas & Western Railroad Company procured the condemnation of a right-of-way for its railroad through a 280-acre tract of land owned by C. P. Emery. The award made by the commissioners being unsatisfactory, Emery appealed to the district court, where the case was tried by a jury, which awarded a verdict in Emery's favor in the sum of $1,001.07½. This award was considerably in excess of the amount allowed by the commissioners. The railroad company complains of the rulings of the court in admitting evidence and in charging the jury.

Objection is made to the testimony of a witness who compared Emery's land with another farm in the same neighborhood, and described the difference between the two farms. There is no good reason for this complaint. A witness called by the railroad company stated that he based his judgment of the market value of the land on sales made in the neighborhood, and gave testimony with reference to several farms which had been sold at stated prices. In his testimony he compared these tracts with the Emery land, stating that they were smoother, more fertile, nearer market, etc., than the Emery land, and were therefore of greater value. To meet this testimony, Emery offered testimony contradicting that of the railroad company in this respect. While he could not properly have offered proof of this character in the first instance, it was properly admitted to meet that which had been offered by the company.

Complaint is made of an instruction in which the court advised the jury to disregard any advancement in the value of or benefit resulting to the land from the building of the road. The question suggested by this objection has been fully considered by the court in recent cases, and the correctness of the instruction has been sustained. (*L. & W. Rld. Co. v. Ross*, 40 Kas. 598; *F. E. & W. V. Rld. Co. v. Shepherd*, 50 id. 438, 31 Pac. Rep. 1002.)

There is some complaint because of the refusal of instruc-

tions with reference to the rule which should be followed in determining the market value of the land, and also in regard to the measure of damages, but the charge as given appears to us to fully cover both of these subjects. We think the case was fairly submitted to the jury, and no sufficient reason has been given for reversal.

Judgment affirmed.

All the Justices concurring.